IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

E.V. DRAKE, §
 §
 Plaintiff, §
 §
v. §
 § CIVIL ACTION NO. H-16-3607
COSTUME ARMOUR, INC., §
CHRISTO VAC, and §
DRAKE LOEB PLLC, §
 §
 Defendants. §

## MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Motion to Reconsider, Motion to Set Aside Court's Final Judgment of Dismissal and Motion for New Trial (Docket Entry No. 52); Plaintiff's Motion to Recuse Judges Sims [sic] and Johnson ("Motion to Recuse") (Docket Entry No. 53); and Plaintiff's Amended Motion to Reconsider, Motion to Set Aside Court's Dismissal, Motion for New Trial, and Motion to Amend (Docket Entry No. 54).

### I. Case Background

Plaintiff, E.V. Drake, filed this action against Defendants, Costume Armour, Inc., Christo Vac, and Drake Loeb PLLC, alleging civil rights violations, warranty claims, mail and wire fraud, and various state law causes of action.[1] Defendants subsequently filed

---

[1] See Plaintiff's Original Complaint, Docket Entry No. 1.

motions to dismiss.² On September 6, 2017, the court issued an opinion recommending dismissal of Plaintiff's federal question and state law claims.³ Plaintiff filed a general objection to the Memorandum and Recommendation and alternatively asked that if the court was inclined to agree with the recommendation, it "sign an expedited final order without haste" so that he could appeal the decision to the Fifth Circuit.⁴ On September 21, 2017, the court adopted the Memorandum and Recommendation and dismissed the case for lack of subject matter jurisdiction.⁵

In his pending motions, Plaintiff requests that the court: (1) reverse its decision dismissing Plaintiff's claims; (2) give Plaintiff leave to amend his Complaint; (3) give Plaintiff a new trial; (4) grant a discovery period before ruling on the motion for reconsideration; and (5) recuse itself to allow the case to be reassigned to another judge.

---

²See Defendants, Costume Armour, Inc. and Christo Vac's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), Docket Entry No. 4; Defendant Drake Loeb PLLC's Motion to Dismiss Plaintiff's Original Complaint for Lack of Personal Jurisdiction and Failure to State a Claim, Docket Entry No. 5.

³See Memorandum and Recommendation, Docket Entry No. 45, pp. 21-22.

⁴See Plaintiff's Response to Magistrate's Report, Docket Entry No. 47, p. 1.

⁵See Order Adopting Magistrate Judge's Memorandum and Recommendation ("Order Adopting"), Docket Entry No. 48, and Final Judgment, Docket Entry No. 49.

## II. Standards of Review

### A. Recusal

Section 455 of Title 28 directs a judge to disqualify himself or herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Certain specific circumstances require that the judge recuse, including where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for determining whether a judge should recuse based on Section 455 is "whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999) (quoting Vieux Carre Property Owners, Residents, and Associates, Inc. v. Brown, 948 F.2d 1436, 1448 (5th Cir. 1991)).

Section 144 of Title 28 states in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Judicial rulings, courtroom administration efforts, and ordinary admonishments to counsel and to witnesses are not valid bases for motions to recuse for personal bias or prejudice. See Liteky v. United States, 510 U.S. 540, 556 (1994) ("A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration

-3-

— remain immune [from establishing a bias].");  see also Raborn v. Inpatient Management Partners Inc., 352 F. App'x 881, 884 (5th Cir. 2009) (unpublished) (quoting Liteky, 510 U.S. at 555, as stating that "'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible'"). The disqualification decision is within the "sound discretion" of the judge. In re Deepwater Horizon, 824 F.3d 571, 580 (5th Cir. 2016).

B. Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." See St. Paul Mercury Insurance Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997); see also Shepherd v. International Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. See Shepherd, 372 F.3d at 328 n.1 (5th Cir. 1998).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004), cert. denied, 543 U.S. 976, 125 S. Ct. 411, 160 L.Ed.2d 352 (2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit has held that "such a motion

-4-

is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 478-79 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to alter or amend the judgment under Rule 59(e) "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Id. at 479. Relief on this basis is also appropriate when there has been an intervening change in the controlling law. See Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit has warned that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. Templet, 367 F.3d at 479.

### III. Motion for Recusal

In his motion Plaintiff asks that his case be reassigned to another judge because "Judge [Lake] had a scheme of appointing Judge Johnson to all cases assigned to him" and that Judge Johnson's memorandum and recommendation was "heavily biased against him" and she was "not familiar with the facts of the above cause of action."[6] Plaintiff additionally states that Judge Johnson told Plaintiff, "You don't want to get on my bad side."[7]

---

[6] See Motion to Recuse, Docket Entry No. 53, p. 1 ¶ 3; p. 2 ¶¶ 5 and 4.

[7] See id. at 2.

There is nothing in the Memorandum and Recommendation indicating that Judge Johnson had a personal animus against Plaintiff. The Memorandum and Recommendation was thoroughly written and explains the facts as alleged by Plaintiff and the law supporting dismissal of his claims. Plaintiff did not raise any specific objections to the Memorandum and Recommendation, and the court agreed with its findings and entered the Order Adopting.

As to Judge Johnson's statement that Plaintiff would get on her bad side, Plaintiff takes this statement, made at a scheduling conference, out of context. After discussing Plaintiff's medical issues and granting him a lengthy continuance to recover from anticipated surgery, Defendants' counsel brought to the court's attention his concern that Plaintiff had given him a bad address for service of pleadings.[8] Plaintiff agreed that the address provided was no longer a good address. In response, the court stated that Plaintiff must keep the court and opposing counsel informed of a correct address and cautioned Plaintiff would get on her "bad side" if the court was unable to contact Plaintiff.[9] This merely constitutes an effort at courtroom administration by Judge Johnson. This was neither a comment on the merits of Plaintiff's case nor a comment establishing a deep-seated bias against Plaintiff. See In re Deepwater Horizon, 824 F.3d at 579-80. After

---

[8]See Transcript of March 23, 2017, Scheduling Conference, Docket Entry No. 57, pp. 11-12.

[9]Id.

reviewing the totality of Plaintiff's complaints about the magistrate judge and the undersigned judge, the court concludes that Plaintiff's Motion to Recuse Judges Sims [sic] and Johnson (Docket Entry No. 53) should be and is hereby **DENIED**.

### IV. Motions to Reconsider, Set Aside Court's Dismissal, for a New Trial, and to Amend

Plaintiff additionally requests that the dismissal of this action be reconsidered. Other than focusing on the court's alleged bias against him, Plaintiff provides no basis in law or fact to reconsider the court's dismissal. Therefore, Plaintiff's Motion to Reconsider, Motion to Set Aside Court's Final Judgment of Dismissal and Motion for New Trial (Docket Entry No. 52) and Plaintiff's Amended Motion to Reconsider Motion to Set Aside Court's Dismissal, Motion for New Trial, and Motion to Amend (Docket Entry No. 54) are **DENIED**.

The Clerk shall send copies of this Memorandum Opinion and Order to the respective parties.

**SIGNED** at Houston, Texas, on this 11th day of October, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE